# In the United States Court of Federal Claims

BID PROTEST
17-83C
Filed Under Seal: September 1, 2017
Reissued For Publication: October 2, 2017[*]

| | | |
|---|---|---|
| VETERANS EVALUATION SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | RCFC 62(c); Injunction Pending an Appeal. |
| Plaintiff, | | |
| v. | | |
| THE UNITED STATES, | | |
| Defendant. | | |
| v. | | |
| LOGISTICS HEALTH, INC., MEDICAL SUPPORT LOS ANGELES, QTC MEDICAL SERVICES, INC., and VETFED RESOURCES, INC., | | |
| Defendant-Intervenors. | | |

*Stuart W. Turner*, Counsel of Record, *Charles Blanchard*, Of Counsel, *Amanda J. Sherwood*, Arnold & Porter Kaye Scholer LLP, Washington, DC, for plaintiff, Veterans Evaluation Services, Inc.

*Elizabeth Anne Speck*, Senior Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington DC, *Lynn T. Burleson*, Attorney, United States Department of Veterans Affairs, Washington, DC, *Frank DiNicola*, Protest Attorney, Office of General Counsel, United States Department of Veterans Affairs, Eatontown, NJ, for defendant.

---

[*] This Memorandum Opinion and Order was originally filed under seal on September 1, 2017 (docket entry no. 91). The parties were given an opportunity to advise the Court, by October 2, 2017, of their views with respect to what information, if any, should be redacted. On October 2, 2017, the parties informed the Court that no redactions were required (docket entry no. 92). And so, the Court is reissuing its Memorandum Opinion and Order, dated September 1, 2017, without redactions.

*Jason A. Carey*, Attorney of Record, Covington & Burling, LLP, Washington, DC, *J. Hunter Bennett*, Of Counsel, *Julia A.C. Lippman*, Of Counsel, *John W. Sorrenti*, Of Counsel, *Kevin M. Barnett*, Of Counsel, Covington & Burling, LLP, Washington, DC, for defendant-intervenors, Logistics Health, Inc. and Medical Support Los Angeles.

*Richard O. Wolf*, Counsel of Record, *Robert M. Moore*, Of Counsel, Moore & Lee, LLP, McLean, VA, for defendant-intervenor, VetFed Resources, Inc.

*Marcia G. Madsen*, Counsel of Record, Mayer Brown, LLP, Washington, DC, *David F. Dowd*, Counsel, *Luke Levasseur*, Counsel, *Roger V. Abbott*, Counsel, Mayer Brown, LLP, Washington DC, for defendant-intervenor, QTC Medical Services, Inc.

**MEMORANDIUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR AN INJUNCTION PENDING APPEAL**

GRIGGSBY, Judge

Pending before the Court is Veterans Evaluation Services, Inc.'s ("VES") motion for an injunction pending appeal, pursuant to Rule 62(c) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. VES requests that the Court enjoin performance under certain indefinite delivery/indefinite quantity contracts to provide medical disability examinations throughout the United States that the Department of Veterans Affairs (the "VA") awarded on September 16, 2016 (the "MDE Contracts"), pending the resolution of VES's appeal of the Court's June 23, 2017, Memorandum Opinion and Order (the "June 23, 2017, Decision") denying VES's motion for judgment on the administrative record, granting the government's consolidated cross-motion for judgment on the administrative record, and granting the defendant-intervenors' respective motions for judgment on the administrative record. *Id*. For the reasons discussed below, the Court **DENIES** VES's motion.

**I.    BACKGROUND**

This post-award bid protest dispute involves a challenge of the VA's evaluation process and award decisions with respect to the MDE Contracts. On January 18, 2017, VES commenced this post-award bid protest action seeking to, among other things, set aside the VA's award decisions and require the VA to re-evaluate responsive proposals. *See generally* Compl.; *see also* Am. Compl. ¶ 124.

On June 23, 2017, the Court issued a Memorandum Opinion and Order that, among other things: (1) denied VES's motion for judgment on the administrative record on the ground that

VES's claims were untimely and/or unsubstantiated by the administrative record; (2) granted the government's consolidated cross-motion for judgment upon the administrative record; and (3) granted the defendant-intervenors' respective motions for judgment on the administrative record.[1]  *Veterans Evaluation Servs., Inc. v. United States*, No.17-83 (Fed. Cl. June 23, 2017).  VES filed a notice of appeal of the June 23, 2017, Decision to the United States Court of Appeals for the Federal Circuit on June 30, 2017.  *See generally* Pl. Notice of Appeal.

On June 30, 2017, VES also filed a motion for an injunction pending appeal, requesting that the Court enjoin performance under the MDE Contracts pending the resolution of its appeal.  *See generally* Pl. Mot. and Pl. Mem.  On July 17, 2017, the government, Logistics Health, Inc. ("LHI"), Medical Support Los Angeles ("MSLA"), and VetFed Resources, Inc. ("VetFed") filed their respective responses and oppositions to VES's motion.  *See generally* Def. Resp.; LHI/MSLA Resp.; VetFed Resp.  On July 27, 2017, VES filed a reply in support of its motion for an injunction pending appeal.  *See generally* Pl. Reply.

This matter having been fully briefed, the Court resolves the pending motion.

## II.   LEGAL STANDARDS

Injunctions pending appeal are governed by RCFC 62(c).  Specifically, RCFC 62(c) provides that:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

RCFC 62(c).

This Court has recognized that "[a]n injunction pending appeal provided for under RCFC 62(c), like a stay pending appeal, is 'an extraordinary remedy.'"  *Acrow Corp. v. United States*, 97 Fed. Cl. 182, 183 (2011) (quoting *Golden Eagle Refining Co. v. United States*, 4 Cl. Ct. 622, 624 (1984)).  This Court has also recognized that when considering a motion for an injunction pending appeal, the Court "assesses the movant's chances for success on appeal and weights the

---

[1] The parties' cross-motions for judgment on the administrative record in *Veterans Evaluation Servs., Inc. v. United States*, No.17-83 (Fed. Cl. June 23, 2017) were briefed and argued jointly with a related case, *QTC Medical Servs., Inc. v. United States*, No. 17-80 (Fed. Cl. June 23, 2017).  As a result, the government filed a consolidated cross-motion for judgment on the administrative record in the two cases.

equities as they affect the parties and the public." *Id*. (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (internal quotation marks omitted)). And so, the Court considers: "(1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and (4) where the public interest lies." *Id*. (citing *Alaska Cent. Express, Inc. v. United States*, 51 Fed. Cl. 227, 229 (2001)).

"The Court need not give each factor equal weight." *Id*. Given this, the Court's consideration of these four factors is flexible and "may allow for an injunction pending appeal when the movant 'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial* case on the merits,' *provided* the other factors miliate in [the] movants favor." *Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015) (emphasis original) (citing *Standard Havens Prods.*, 897 F.2d at 513).

### III. DISCUSSION

A careful review of VES's motion for an injunction pending appeal demonstrates that VES has not shown a strong likelihood of success on appeal or that the equities weigh in favor of granting injunctive relief pending the appeal of this matter. And so, for the reasons discussed below, the Court **DENIES** VES's motion for an injunction pending appeal.

#### 1. VES Has Not Shown A Strong Likelihood Of Success On Appeal

As an initial matter, VES has not demonstrated a strong likelihood of success upon the merits of any of its claims challenging the VA's award decisions with regards to the MDE Contracts. And so, this factor weighs against granting the requested injunctive relief.

##### a. VES's Total Proposed Price Claim Has Been Waived

First, the administrative record in this matter makes clear that VES's claim that the VA improperly excluded option year pricing in determining total proposed price has been waived under the Federal Circuit's decision in *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308 (Fed. Cir. 2007). As the Court held in the June 23, 2017, Decision, the record evidence demonstrates that this claim is untimely, because the RFP contains a patent ambiguity regarding

4

whether option year pricing would be included in the VA's determination of total proposed price and VES should have addressed this ambiguity prior to the submission of final proposal revisions. June 23, 2017, Decision at 16.

> Indeed, as the Court observed in the June 23, 2017, Decision:
>
> While VES is correct that the RFP includes language that states that the total proposed price of certain line items will be "added to the total proposed prices for all remaining line items to generate an overall total proposed price (*including base and all option periods*) for each Offeror," this language is contrary to other language contained in Amendment 8 [to the RFP], which specifically requires that the VA use a sample task order that only takes into consideration base year pricing.
> . . .

*Id*. (emphasis added); *see also* AR at 16,228. Specifically, the revisions to the RFP set forth in Amendment 8 provide that the VA "shall evaluate individual line item prices for reasonableness and will also evaluate total proposed prices under the 'Sample Task Order' for each District to determine price reasonableness." AR at 16,228. A review of the Sample Task Order referenced in Amendment 8 also shows that the Sample Task Order requires data only for the base period of performance. AR at 22,907. And so, as the Court concluded in the June 23, 2017, Decision, the RFP contains a patent ambiguity regarding whether the determination of total proposed price would include option year prices. *See* June 23, 2017, Decision at 16.

The Court also remains unpersuaded by VES's arguments that the RFP does not contain a patent ambiguity because the Sample Task Order does "not obviously preclude the VA from considering option year pricing," and that any ambiguity in the RFP in this regard is latent, rather than patent. Pl. Mem. at 15. While VES is correct in noting that the Sample Task Order does not expressly state that the VA will not consider option year pricing, this document clearly seeks pricing data for only the base period of performance. AR at 16,225-26; 16,228-29; 22,907. Given this, the revisions to the RFP set forth in Amendment 8 and the Sample Task Order are facially inconsistent with other language in the RFP that provides that overall total price would include the pricing for base year and all option year periods.

The ambiguity in the RFP is also a patent ambiguity that would place a reasonable contractor on notice to inquire about the inconsistency. *Stratos Mobile Networks USA, LLC v. United States*, 213 F.3d 1375, 1381 (Fed. Cir. 2000) ("A patent ambiguity is present when the contract contains facially inconsistent provisions that would place a reasonable contractor on

notice and prompt the contractor to rectify the inconsistency by inquiring of the appropriate parties."). Indeed, as the government observes in its opposition to VES's motion, this ambiguity "should have appeared obvious or 'glaring' to VES." Def. Resp. at 6-7. Because there is no dispute that VES did not raise the ambiguity in the RFP regarding how the VA would determine total proposed price prior to the submission of final proposal revisions, VES's claim is untimely. *See Blue & Gold Fleet, L.P.*, 492 F.3d at 1313-15 ("[A] party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims.").

### b. VES Has Waived Its Challenge Of The VA's Benchmark Calculations

VES has similarly not shown a strong likelihood of success on appeal with respect to its challenge of the VA's calculation of the price benchmarks for the RFP. As the Court found in the June 23, 2017, Decision, the record evidence demonstrates that VES has also waived this claim. June 23, 2017, Decision at 13-14.

In this regard, the record evidence shows that VES was aware that the VA would consider the prices proposed by all offerors to determine the benchmarks for price reasonableness before VES submitted its final proposal revisions. *See* AR at 14,659-61; 16,214-16; 17,372-84; 31,799-801. It is also undisputed that, prior to the due date for the submission of final proposal revisions, the VA sent emails to all offerors explaining that the benchmarks for price would be calculated by, among other things, calculating an average price "based on *the average of the CLIN prices proposed by all Offerors* for a given District and period of performance." AR at 17,372-84 (emphasis added); s*ee* Pl. Mem. at 16-22.

VES's argument that this claim is timely because a waiver of this claim would "preclude[] protestors from challenging the application of a rule if they did not challenge the announcement of the rule itself" mischaracterizes the nature of VES's claim. Pl. Mem. at 16. VES has argued throughout this litigation that the VA erred by including the pricing from offerors that proposed allegedly high and non-competitive prices in the calculation of price benchmarks. VES Mot. for Judgment on the AR at 17-19. Such an argument is not a challenge of the application of the VA's benchmark calculation methodology, but rather a challenge of the methodology itself. Again, the record evidence demonstrates that VES was aware of this

methodology before VES submitted its final proposal revisions. *See* AR at 14,659-61; 16,214-16; 17,372-84; 31,799-801. Because there is no dispute that VES did not raise a challenge to the VA's methodology before the submission of final proposal revisions, the Court must conclude that VES has waived this claim.[2]

### c. VES's Misleading Discussions Claim Has Been Waived

VES also fails to demonstrate a strong likelihood of success on appeal with respect to its claim that the VA engaged in misleading discussions regarding price. As the Court found in the June 23, 2017, Decision, the record evidence in this case shows that VES did not question or challenge the VA's discussions regarding price before submitting its final proposal revisions. June 23, 2017, Decision at 15. And so, VES's challenge of the VA's discussions regarding price is also untimely. *See Blue & Gold Fleet, L.P.*, 492 F.3d at 1315.

In its motion for an injunction pending appeal, VES argues that this claim is timely because VES could not protest the VA's discussions until after VES learned about the awards to lower-priced offerors. Pl. Mem. at 25. But, as the Court previously held in the June 23, 2017, Decision, any doubts or concerns that VES had about the VA's discussions—or the VA's motives in engaging in these discussions—were known to VES before final proposal revisions were due. *See* June 23, 2017, Decision at 15 n.3. Given this, VES could have—and should have—raised these concerns before the submission of its final proposal revisions.

The record evidence also demonstrates that VES is not likely to succeed upon the merits of this claim, even if this claim were timely. In its motion for an injunction pending appeal, VES speculates that the VA engaged in discussions regarding price to question whether VES would be capable of "financial viability" while performing the MDE Contracts or, perhaps, to assess whether VES would be disqualified due to non-responsive pricing. Pl. Mem. at 23-25. But, VES points to no evidence in the administrative record to substantiate this point of view.

---

[2] VES also points to no provision in the FAR, or elsewhere, that would require the VA to adjust the competitive range for a solicitation to address so called "outliers" when determining the benchmarks for price. *See* Pl. Mem. at 16-22. Indeed, "[i]t is well established that the contracting officer has 'broad discretion in evaluating proposals and determining which, if any, fall into the competitive range.'" *Rivada Mercury, LLC v. United States*, 131 Fed. Cl. 663, 677 (2017) (citing *W & D Ships Deck Works, Inc. v. United States*, 39 Fed. Cl. 638, 642-43 (1997)).

VES's speculation in this regard is also called into question by evidence in the administrative record that suggests that the subject discussions were due to the VA's concern that a reduction in price could indicate impermissible changes to VES's technical proposal for the MDE Contracts. *Id.* at 22-26; AR at 19,033; 31,759-60; *see also* June 23, 2017, Decision at 14-15. VES also does not dispute that there is no evidence in the administrative record to indicate that the VA ever stated that VES could not reduce its proposed price or that VES's proposed price was unrealistically low. *See* generally Pl. Mem. And so, the record evidence here simply does not substantiate VES's claim.

> d. **VES Has Not Shown A Strong Likelihood Of Success Regarding Its Claim That The Awards To MSLA And LHI Are Improper**

As a final matter, VES has similarly failed to show a strong likelihood of success on appeal with respect to its claim that the VA's single district awards to MSLA and LHI in connection with the MDE Contracts are improper. As the Court found in the June 23, 2017, Decision, the record evidence shows that the VA's decisions to award contracts to MSLA and LHI in the same district are not prohibited by the terms of the RFP and that the VA appropriately investigated and addressed any organizational conflict of interest issues arising from the merger of MSLA and LHI. June 23, 2017, Decision at 16-18.

In its motion for an injunction pending appeal, VES, nonetheless, argues that it is likely to succeed upon the merits of this claim on appeal, because the Court disregarded evidence in the administrative record that the VA did not reasonably consider the risks of making an award to affiliated entities in a single district. Pl. Mem. at 3, 27-28. VES's argument is belied by the record evidence. *Id.* at 28.

First, as the Court observed in the June 23, 2017, Decision, the record evidence shows that the VA became aware of a potential organizational conflict of interest related to the merger of LHI and MSLA on March 17, 2016. June 23, 2017, Decision at 17; *see also* AR at 326, 16,166; 21,175-76. The record evidence also shows that during the subsequent organizational conflict of interest investigation, the VA's contracting officer discussed the new corporate relationship between LHI and MSLA with the two companies and also sought advice from the VA's general counsel regarding possible single district awards to these two companies. AR at 21,175-76. And so, the record evidence demonstrates that the VA reasonably determined that

the single district awards to LHI and MSLA would meet the agency's goals and comply with the requirements of the RFP. *Id.*

The administrative record also demonstrates that the VA appropriately considered how the corporate relationship between MSLA and LHI would impact the MDE Contracts at the time of contract award and in the future. In this regard, a March 17, 2016 email from MSLA's chief executive officer to the VA's contracting officer regarding potential organizational conflicts of interest arising from the companies' merger states that "MSLA will continue to be operated independently [from LHI]." *Id.* at 24,976. In this email, MSLA also informs the VA that "[o]ver time and pending any real or perceived conflicts, [MSLA] would seek to enhance the services provided to veterans through the sharing of best practices with LHI and appropriate integration activities." *Id.* MSLA also makes clear that, "[f]or the immediate future, nothing will change as a result of [the merger of the two companies]." *Id.* And so, this evidence demonstrates that the VA received and considered information regarding how the merger between MSLA and LHI would impact performance under the MDE Contracts both immediately and in the future. Given this, VES has simply not shown a strong likelihood of success on appeal with respect to its claim that the awards to MSLA and LHI are improper.

Because VES has not shown a strong likelihood of success on appeal with respect to any of its challenges to the VA's award decisions, this factor weighs heavily against granting injunctive relief.

### 2. The Balance Of Harms And Public Interest Weigh Against Injunctive Relief

The other equities that the Court considers when evaluating a motion for an injunction pending appeal also weigh against granting such relief in this case. First, the Court does not lightly dismiss VES's argument that it will be irreparably harmed due to the costs associated with the wind down of its current operations and loss of personnel if performance begins under the MDE Contracts. Pl. Mem. at 5-8. But, the possibility that VES may have to wind down its business—or that VES could default on its existing contract to provide medical disability examination services—are not irreparable harms that are associated with this procurement. Rather, the risk to VES that the VA would not award any new contracts to VES pre-dates the procurement process for these particular contracts. And so, VES has not demonstrated how it will be irreparably harmed if the Court declines to stay performance of the MDE Contracts.

The government has also shown that the VA will incur a substantial hardship if an injunction is granted. In its opposition to VES's motion, the government represents that the VA is currently proceeding with the transition to the new MDE Contracts. Def. Resp. at 2. The government also represents that the VA will have to pay at least $4.6 million more per month for medical disability examination services if the Court stays performance under the MDE Contracts. *See id*. at 21-23. VetFed also notes in its opposition to VES's motion that a stay of performance of the MDE Contracts would also harm it, given the significant resources that VetFed has expended to date on competing for these contracts and litigating several protests associated with this procurement. VetFed. Mot. at 4. MSLA similarly represents in its opposition brief that MSLA will incur $2.3 million per month in losses if performance under the MDE Contracts is stayed. *See* LHI/MSLA Resp. at 14. Given this, the government and the defendant-intervenors have shown that they will incur substantial hardships if the Court grants the requested injunctive relief.

The public's interest in providing timely medical services to the Nation's veterans—at reasonable cost to American taxpayers—also weighs against granting injunctive relief to VES. This interest will be best served by permitting the VA to proceed with the new MDE Contracts. Given this, the Court concludes that all of the above-mentioned factors cumulatively weigh against granting VES's request for an injunction pending appeal. *See* RCFC 62(c).

### IV. CONCLUSION

In sum, VES simply has not met its heavy burden to demonstrate that it is entitled to the extraordinary remedy of an injunction pending the appeal of the Court's June 23, 2017, Decision. Rather, for the reasons discussed above, and in the Court's June 23, 2017, Decision, the record evidence in this case shows that VES does not have a strong likelihood of success on appeal because VES's claims are untimely and/or unsubstantiated by the administrative record. The other equities that the Court considers when deciding a motion for an injunction pending an appeal also weigh against granting injunctive relief. Under such circumstances, the Court must deny VES's motion. RCFC 62(c).

In light of the foregoing, the Court **DENIES** plaintiff's motion for an injunction pending appeal.

No costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on January 24, 2017. This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction on or before **October 2, 2017**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge